IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENE McGRUE, | : | CIVIL ACTION |
|    Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT, J. KERESTES et al., | : | NO. 13-4018 |
|    Respondents. | : | |

ORDER

AND NOW, this 29th day of May 2014, upon consideration of the Report and Recommendation of United States Magistrate Judge Marilyn Heffley (Doc. No. 8) and Petitioner Eugene McGrue's objections thereto (Doc. No. 10), and upon independent review of McGrue's Application for Habeas Corpus Under 28 U.S.C. § 2254 (Doc. No. 1), it is hereby ORDERED as follows:

1. The Report and Recommendation (Doc. No. 8) is APPROVED and ADOPTED.

   This Court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). McGrue objects to two aspects of the Report and Recommendation.

   First, McGrue "objects to the Magistrate's finding that the procedural history does not present an 'extraordinary circumstance' entitling [McGrue] to equitable tolling" of the one-year limitation period applicable to petitions under 28 U.S.C. § 2254. (Pet'r's Objs. 2, Doc. No. 10 (capitalization omitted)). He argues that he is entitled to equitable tolling because his "post-conviction counsel abandoned him by failing to notify him of the dismissal of his [first] post-conviction petition [in April 2007] and failing to file an appeal on his behalf." (Id. at 6 (capitalization omitted).)

   We agree with the Magistrate Judge Heffley that equitable tolling is inappropriate. McGrue's petition demonstrates that he failed to pursue his rights diligently, and that no extraordinary circumstance prevented him from filing a timely § 2254 petition. See Holland v. Florida, 560 U.S. 631, 649 (2010) ("[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'

and prevented timely filing." (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

However, the application of equitable (or statutory) tolling to McGrue's petition is immaterial. It is clear that, regardless of what transpired between McGrue and his former counsel in 2007 and 2008, the one-year limitation period began to run on or before May 16, 2012. On this date, the Superior Court of Pennsylvania had quashed McGrue's final notice of appeal (Rep. & Recommendation 2, Doc. No. 8), and the 30-day window for filing a petition for allowance of appeal to the Supreme Court of Pennsylvania had closed, see Pa. R. App. P. 1113(a). Assuming that the limitation period began to run on May 16, 2012 – a factually and legally unsupportable proposition that gives McGrue every advantage – McGrue had until May 16, 2013, to file a timely § 2254 petition. McGrue filed the present petition on July 7, 2013. (Rep. & Recommendation 3.)

Second, McGrue argues that a certificate of appealability should issue. (Pet'r's Objs. 8–10.) He claims that jurists of reason could disagree over his entitlement to equitable tolling (id. at 9–10), and faults Magistrate Judge Heffley for not discussing the substance of his constitutional claims (id. at 8–9).

We find that no certificate of appealability should issue because McGrue's petition is unambiguously time barred. Cf. Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, [among other things,] . . . that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."). We also find that Magistrate Judge Heffley was correct to resolve McGrue's petition on procedural grounds without discussing his constitutional claims. See id. at 484–85.

2. McGrue's Application for Habeas Corpus Under 28 U.S.C. § 2254 (Doc. No. 1) is DENIED.

3. A certificate of appealability SHALL NOT issue.

4. The Clerk of Court shall mark this matter CLOSED for statistical purposes.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.

2